

# NON-COMPETE & CONFIDENTIALITY AGREEMENT

EXHIBIT 1

THIS AGREEMENT ("Agreement") is made and entered into as of the date set forth below, by the undersigned ("I", "me" or "Employee") in favor of Greek House Chefs, LLC, an Iowa limited liability company, together with its owners, affiliates, successors and assigns ("Greek House Chefs" or the "Company").

**A.** Greek House Chefs' systems, vendors, recipes, menus, sales techniques, customer contracts, personnel, hiring practices, staffing, pricing and methods of operation are all proprietary and confidential information and constitute trade secrets.

**B.** Greek House Chefs has developed and acquired its confidential information, goodwill and customer relationships through the expenditure of substantial time, effort and money.    _____ Initial

**C.** Employee acknowledges that in the course of performing Employee's duties for Greek House Chefs, he or she has or will (i) receive special training and experience in Greek House Chefs' specialized food service business, and (ii) have access to Greek House Chefs' valuable confidential information and trade secrets.    _____ Initial

**D.** Greek House Chefs is engaged in a specialized business which serves a very narrow segment of the food service market; accordingly, the identity of customers and their particular needs is a critical part of Greek House Chefs' business, and Greek House Chefs is entitled to protection from unfair competition by former employees with knowledge of Greek House Chefs' confidential information, trade secrets and methods of operation.

_____ Initial

NOW, THEREFORE, INCONSIDERATION OF THE FOREGOING PREMISES, my employment by the Company, and other good and valuable consideration, the undersigned Employee hereby covenants and agrees with Greek House Chefs as follows:

**1. NON-COMPETITION.** During the period of my employment with the Company and for a period of **one (1) year** after the date of termination of my employment with the Company for any reason (the "Restricted Period"), with or without cause, I will not, **anywhere within sixty (60) miles of any location at which I previously worked for the Company**, directly or indirectly, engage in or own or control any interest in or act as an officer, director, or employee of or consultant or adviser to, any firm, corporation, or institution which provides **personal chef, food management, cooking or hosted dining services to, for or within any fraternity, sorority, house, chapter or similar private collegiate residence, in competition with the business of the Company.**    _____ Initial

**2. NON-PIRACY; NON-INTERFERENCE.** I will not, directly or indirectly, at any time during the Restricted Period, solicit, provide services to, or in any way become employed by **any fraternity, sorority, house, chapter or similar private collegiate residence which is or was a customer of the Company at any time within the preceding twenty-four (24) months,** or (b) seek to induce, bring about, promote, facilitate, encourage, request or advise any customer, supplier or vendor of the Company to terminate, reduce, limit or change their business relationship with the Company or any of its affiliates.

**3. NON-SOLICITATION OR HIRE.** During the Restricted Period, I will not recruit or hire any employee of the Company, or otherwise induce any such employee to leave the employment of the Company, to become an employee of or otherwise be associated with me or any company or business with which I am or may become associated.

**4. CONFIDENTIALITY.** I acknowledge that the services provided by me to the Company will bring me in close contact with many confidential affairs of the Company, including (a) proprietary, confidential and trade secret information applicable to the Company or related to the identity of clients and customers, (b) contracts and agreements between the Company and its customers, (c) the sale and marketing of services of the Company, (d) the identity, experience, and qualifications of employees of the Company, (e) information about other aspects of the business and affairs of the Company, including, but not limited to, pricing, revenues, costs, systems, vendors,

recipes, menus, sales techniques, customer contract terms, personnel, staffing, methods of operation, trade secrets, customer prospects, manuals, the identity of customers and their particular requirements, and other information developed by the Company only after the investment of significant time and expense, and none of which is readily available to the public (all of which is referred to herein as "Confidential Information"), (f) related trade secrets and know-how, and (g) similar information disclosed to the Company by other persons; all of the foregoing of which are and will continue to be of great and unique value to the Company and which are now and will continue to be used in the Company's business. In recognition of the foregoing, I hereby covenant and agree that I will not at any time (i) use, or (ii) disclose or fail to keep secret any such confidential or trade secret matters of the Company, either during or after my employment with the Company, except with the Company's written consent and except for such disclosure as is necessary (A) in the performance of my duties for the Company during the time I am employed, or (B) where disclosure of such information is required by law or court order, provided that, prior to such disclosure required by law or court order, I will give the Company not less than ten (10) business days' written notice ( or, if disclosure is required to be made in less than ten (10) business days, then such notice shall be given as promptly as practicable after determination that disclosure may be required) of the nature of the law or order requiring disclosure and the disclosure to be made in accordance therewith.

**5. RETURN OF COMPANY PROPERTY.** At any time upon the Company's request and, in any event, upon termination of my employment with the Company, I will immediately deliver to the Company all data, manuals, lists, notes, marketing and promotional items and all other Confidential Information and tangible materials whatsoever, including all copies or duplicates, concerning any part of the Company's activities or concerning any part of my activities as a Company employee, except for my own personal notes and recipes created by me prior to or outside of my employment by the Company. All such documents and tangible materials, and copies or duplicates thereof, including my own notes, are acknowledged by me to be the Company's property which is only entrusted to me on a temporary basis.

**6. COMPANY REMEDIES.** I agree that (a) the restrictions set forth in this Agreement are reasonable to protect the Company's rights to control its near-permanent business relationships with its customers and vendors, (b) the covenants and obligations set forth herein relate to special, unique and extraordinary matters, ( c) a violation of any of the terms of such covenants and obligations will cause the Company irreparable injury for which adequate remedies are not available at law, and ( d) in the event of any actual or threatened violation violation of any provision of this Agreement, the Company shall have the right to seek injunctive and other equitable relief to prevent a breach or threatened breach of this Agreement, in addition to any other existing rights provided in the Agreement or by operation of law, without the requirement of posting bond. I shall reimburse the Company for all costs, expenses or damages that it incurs as a result of any actual or threatened violation by me of any provision of this Agreement. This obligation shall include court costs, litigation expenses, and reasonable attorneys' fees. The rights of the Company hereunder shall inure to the benefit of, and shall be binding upon, its successors, assigns and affiliates. _____ Initial

**7. NON-INTERFERENCE.** On and after any termination of my employment with the Company, I will not contact any customer of the Company, enter the Company's premises, or attempt to regain access to any work location I was placed at during my employment.

**8. CONSTRUCTION.** Wherever possible, each provision of this Agreement will be interpreted so that it is valid under the applicable law. Should any part or provision of any covenant or other provision of this Agreement be held invalid, void or unenforceable in any court of competent jurisdiction, such invalidity, voidness or un-enforceability shall not render invalid, void or unenforceable any other part or provision of this Agreement. If any portion of the restrictive covenants is found to be invalid or unenforceable by a court of competent jurisdiction because its duration, geographic scope, definition of restricted activities, or definition of protected information is considered to be invalid or unreasonable in scope, the invalid or unreasonable term shall be redefined, or a new enforceable term provided, such that the intent of the Company and Employee in agreeing to the provisions of this Agreement will not be impaired and the provision in question shall be enforceable to the fullest extent allowable under applicable law.

**8. MISCELLANEOUS.**
**(a) Governing Law.** The laws of the State of Iowa (without regard to conflicts of laws principles) shall govern the validity, construction, interpretation, and performance of this Agreement and all disputes arising under or related to this Agreement. Any legal proceeding related to this Agreement shall be brought in the state or federal courts of the State of Iowa, and each of the parties hereto hereby consents to the exclusive and personal jurisdiction of the state and federal courts of the State of Iowa for this purpose and waive any argument that they are not subject to the personal jurisdiction of Iowa's state and federal courts.

**(b) Survival.** Employee's obligations hereunder may not be terminated, revoked, assigned, delegated, released, negated or transferred by Employee, but shall survive the termination of this Agreement and termination of Employee's employment with the Company, and shall govern in perpetuity all rights, disputes, claims or causes of action arising out of or in any way related to this Agreement.

**(c) Continuing Effect.** This Agreement shall apply to each and every current and future period of my employment with the Company, and shall continue to be enforceable in accordance with its terms, regardless of any break or other cessation of such employment or the duration of such cessation.

**IN WITNESS WHEREOF,** the undersigned has executed this Non-Compete/ Confidentiality Agreement as of the day and year written below.

**THIS IS AN IMPORTANT LEGAL DOCUMENT** which I have read and understand; I am executing and delivering it to Greek House Chefs knowingly, voluntarily, and without duress or coercion.

Employee Signature                                    Print Employee Name

Date                                                  Telephone #:

Management Signature                                  Print Management Name

*Frank Hines*                                         **Frank Hines, Director of Operations**

☐ I agree that I have read, understand, and accept all contents, requirements, and policies of the task assigned and completed.

**Complete form**    Save & finish later

This portal is brought to you by Krist Insurance Services